ESSKAP HOLDING CORPORATION, Plaintiff, *v.* SEAMEN'S BANK FOR SAVINGS, Defendant.

Supreme Court, Special Term, New York County, February 7, 1947.

*Arthur T. Kaplan* for plaintiff.

*John C. Crawley* and *Howard B. Nichols* for defendant.

STEUER, J. In this action a mortgagor is suing his mortgagee for the return of interest payments which the mortgagor claims are excessive. Both sides have moved for summary judgment on the theory that the issues are of law only. A brief history of the mortgage is in order.

The mortgage was made in 1928 and carried interest at 5½%. It was to come due on May 7, 1933. On January 9, 1933, it was extended to May 7, 1938, and interest was to be paid in quarterly installments. On January 18, 1936, interest was reduced to 4% and payments were to be made monthly. By

letters dated March 3, and March 8, 1938, it was agreed that existing arrears of interest were to be paid; that interest at 4% was to continue to November 15, 1938, and to advance to 5% thereafter. On March 9, 1939, the mortgage was extended to November 15, 1943, with interest at 4%, and at 5% thereafter. On November 15, 1943, the mortgage remained unpaid and plaintiff paid interest on the unpaid balance through May 15, 1946. On July 17, 1946, plaintiff claimed that these payments were excessive. Thereafter, on July 22, 1946, a new agreement was made providing for interest at 5% from May 15 to July 15, 1946, 4¼% from then to July 10, 1951, and 5% thereafter. On October 4, 1946, this suit was begun for the amount of interest in excess of 4% from November 15, 1943, to July 15, 1946.

The basis of the claim is section 1077-cc of the Civil Practice Act. The pertinent words of this section read: " * * * the rate of interest * * * shall not be increased by reason of the maturity of such obligation during the emergency period * * * but shall continue after such maturity at the rate specified in such obligation until the expiration of such emergency period."

The precise question presented — whether a provision in an extension agreement for an increase in interest after maturity contravenes the statute — is one of first impression. Another way of posing the question is whether the prohibition against an increase after maturity of the rate of interest stipulated for in the agreement applies to a provision in the agreement itself.

While, as indicated, research has revealed no determination on this exact point, the answer to the problem is to be found in the legislative intent and this has had considerable exposition. Interest on an obligation up to maturity is a matter of contract, thereafter a matter of damages (*O'Brien* v. *Young*, 95 N. Y. 428). By this statute " The Legislature undoubtedly intended that the legal rate of interest chargeable as damages for failure to pay the debt when due *was to be determined by the rate specified, in this instance, in the bond*. The rate *so specified* became the legal rate as damages during the emergency period. In other words, section 1077-cc established the interest rate allowed by statute as damages in the instances to which it was applicable." (*Metropolitan Savings Bank* v. *Tuttle*, 290 N. Y. 497, 504.) " Since the enactment of 1077-cc the rate payable after maturity is still that prescribed by law and, in a case where section 1077-cc applies, the rate so prescribed is that provided in the obligation referred to therein." (*Title Guar-*

*antee & Trust Co.* v. *2846 Briggs Ave.,* 283 N. Y. 512, 517.) It, therefore, follows that what the statute has reference to is interest by way of damages, not by way of contract.

Furthermore, if it be assumed that the parties could not contract for interest beyond maturity, a similar result is reached. The contract does not refer to payment; it refers to interest to a date beyond the date to which the mortgage had been extended and then for interest thereafter. It must have been contemplated that payment could not have been compelled on the due date so that date would not be the date of maturity. Under such circumstances there would be no limit on what interest could be contracted for.

Plaintiff's motion is denied, defendant's motion is granted, and the clerk is directed to enter judgment accordingly.